UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:____7/24/2015
```

-------------------------------------------------------------X
In the Matter of                                             :
                                                             :
Motors Liquidation Company.                                  :
-------------------------------------------------------------X        15-CV-3307 (VEC)
SHERIF RAFIK KODSY,                                          :
                                        Appellant,           :        MEMORANDUM
                                                             :        OPINION & ORDER
                    -against-                                 :
                                                             :
MOTORS LIQUIDATION COMPANY GUC                               :
TRUST,                                                       :
                                        Appellee.            :
-------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

 Appellant Sherif Rafik Kodsy ("Kodsy" or "Appellant") appeals *pro se* from the decision

of the United States Bankruptcy Court for the Southern District of New York (Robert E. Gerber,

B.J.) expunging his proof of claim against Motors Liquidation Company GUC Trust (the "GUC

Trust" or "Appellee").  For the following reasons, the decision of the Bankruptcy Court is

AFFIRMED and the case is DISMISSED.

## BACKGROUND

 Appellant identifies himself as "a migrant from Egypt" who has been a United States

citizen for over thirty years and previously owned his own contracting business.  Appeal Brief

for Order Expunging Claim ("Appellant Br."), Dkt. 4, at 7.  The GUC Trust was established to

settle the claims of unsecured creditors against General Motors Corporation after General Motors

filed for bankruptcy in 2009.  Although Appellant's submissions can be at times difficult to

comprehend, the basis of Appellant's claim is that he was injured by a 2008 Hummer H2 (the

"Hummer"), manufactured by General Motors, which he purchased on August 19, 2008.[1] Appellant's Response to Debtors Answer [sic] ("Reply"), Dkt. 12, Ex. 1.  Specifically, Kodsy claims that he "developed a brain injury, a knee meniscus tear, an umbilical hernia" and vision problems as a result of "excessive and prolonged use of the subject vehicle, with a 6.2 litre engine."[2]  Appellant Br. at 4.  It is difficult to determine to what extent Appellant alleges his injuries were caused by this particular Hummer, claimed to be "a show truck not intended to be placed in the stream of sales," *id.* at 2, or by a general defect in all Hummers that also injured, through excessive vibrations, "other owners of the similar truck" or "similar models with a 6.2 litre engine," *id.* at 5.  Kodsy contends that "[t]he new General Motors, should have **bio-mechanical** service stations across the country independent from the dealer's auto repair shops, to test, warn, and conform elevated vibration issues to save human lives."  *Id.* at 7 (emphasis in original); *see also* CD-13, Bank. Dkt. 11589 ¶ 23 ("[T]his claimant is for all injured persons in the Hummer class").[3]  In earlier proceedings, Kodsy produced no "objective evidence of an injurious level of vibration," and due to his "voluntary disposal of the subject vehicle," Kodsy "does not appear likely to obtain [] the expert testimony necessary to establish the existence of any actionable product defect or prove that the alleged defect caused his injuries." CD-18, Bank. Dkt. 12564, Ex. A.

Appellant has already litigated these personal injury claims at some length but to no avail in the Florida state courts.  On March 31, 2009, Kodsy filed a complaint relating to the Hummer

---

[1]      Appellant's brief mistakenly states that he bought the Hummer in August 2009.  Appellant Br. at 2.

[2]      Medical records submitted by Appellant show that he received treatment as a result of a motor vehicle accident that occurred in July 2008 before Appellant purchased the Hummer at issue in this case.  In that accident, Appellant was the driver of a different Hummer H2.  Records of Dr. Salvati, Reply Ex. 6.

[3]      Citations to documents on the Bankruptcy Court docket are given with their number from Appellee's Counter-Designation of Additional Items ("CD") and their docket number from the Bankruptcy Court.

against General Motors in Florida state court that included a "Lemon Law" claim, alleging that General Motors sold him a defective vehicle.  Reply at 2; Appellee's Brief in Opposition ("Appellee Br.") at 7.  That lawsuit was pending when General Motors filed for bankruptcy, at which time most claims against General Motors were automatically stayed.  CD-14, Bank. Dkt. 11604.  Lemon Law claims were part of the relatively narrow set of liabilities that the new General Motors (General Motors Company LLC) assumed from the old General Motors in the bankruptcy proceedings; such claims were, therefore, not subject to the automatic bankruptcy stay.  The stay applied to the balance of Kodsy's claims, however.[4]  Reply at 2; Appellee's Br. at 7 n.11; *see also* CD-1, Bank. Dkt. 2968, Ex. A at 29.  Final judgment on Kodsy's Lemon Law claims was entered for General Motors pursuant to a jury verdict.[5]  Reply Ex. 3; CD-18, Bank. Dkt. 12564, Ex. A.  The Florida Fourth District Court of Appeal affirmed that decision in May of 2012.  *Kodsy v. General Motors Corp.*, 93 So.3d 1043 (Fla. Dist. Ct. App. 2012) (*per curiam*) (table) ("*Kodsy I*").

On May 22, 2013, the Bankruptcy Court modified the automatic stay, so that Kodsy's remaining claims relating to the Hummer could proceed in the Florida state courts.  CD-16, Bank. Dkt. 11743.  The judge assigned to the remaining claims was the same judge who had tried Kodsy's Lemon Law claims.  *Kodsy v. General Motors Corp.*, 163 So.3d 1217 (Fla. Dist.

---

[4]      Kodsy's "Amended Trial De Novo Pleading" in the Florida action, filed in October 2009, alleged a variety of counts against General Motors, including fraud, breach of warranty, "bad faith," and personal injury.  CD-14, Bank. Dkt. 11604 Ex. A.  Only his Lemon Law and breach of warranty claims proceeded to trial, resulting in a verdict in favor of General Motors in October 2010.  Reply Ex. 3.

[5]      Kodsy claims that he "already prevailed in the Circuit Court of Florida into convincing the jury that a defect existed . . . because the 6.2 engine horsepower was too strong which was unavoidably felt in the cabin causing injuries from prolonged exposures of continued unwarned whole body vibrations use."  CD-23, 13106 ¶ 10.  The jury in the Florida lawsuit did indeed find that there was a "defect or condition" in the Hummer "which substantially impaired its use, value, or safety," but the jury decided in favor of General Motors because it also found that General Motors "eliminate[d] the nonconformity . . . after a reasonable number of attempts."  Reply Ex. 3.

Ct. App. 2014) (*per curiam*) (table) ("*Kodsy II*"); *see also* CD-18, Bank. Dkt. 12564, Ex. A.  The

presiding judge, after a hearing, granted Motors Liquidation Company's motion to declare Kodsy

a "vexatious litigant" who was unlikely to prevail on the merits of his case.  CD-18, Bank. Dkt.

12564, Ex. A.  Appellant was required to submit security of $35,000 to proceed with the case.[6]

*Id*.  Upon his failure to do so, the Florida court dismissed his claims with prejudice.  CD-18,

Bank. Dkt. 12564, Ex. B.  The Florida Appellate Court affirmed without opinion and denied

Appellant's Motion for Reconsideration.  *Kodsy II*, 163 So.3d 1217; *see also* Appellee Br. at 7-8.

Appellant appealed to the Florida Supreme Court, which denied jurisdiction, citing *Jackson v.

State*, 926 So. 2d 1262 (Fla. 2006) (*per curiam*), and *Jenkins v. State*, 385 So. 2d 1356 (Fla.

1980).  *Kodsy v. General Motors Corp.*, 160 So.3d 896 (Fla. 2015) (table); *see also* CD-19,

Bank. Dkt. 13092, Ex. A.  Under Florida law, the Florida Supreme Court "lacks jurisdiction over

unelaborated per curiam decisions in the context of discretionary review jurisdiction."  *Jackson*,

926 So. 2d at 1265.

     Because Appellant's underlying personal injury claims were fully adjudicated by the

Florida state courts in favor of General Motors and the GUC Trust, the Bankruptcy Court

expunged Appellant's proof of claim on March 25, 2015, CD-22, Bank. Dkt. 13104, over

Appellant's objection, CD-23, Bank. Dkt. 13106.  Appellant filed a Notice of Appeal on April

15, 2015.  CD-24, Bank. Dkt. 13111.

---

[6]     Under Florida's Vexatious Litigant Law, a vexatious litigant is a person "who, in the immediately
preceding 5-year period, has commenced, prosecuted, or maintained, pro se, five or more civil actions in any court
in this state, except an action governed by the Florida Small Claims Rules, which actions have been finally and
adversely determined against such person."  Fla. Stat. Ann. § 68.093(2)(d)(1) (West 2015).  "If the plaintiff fails
to post security required by an order of the court under this section, the court shall immediately issue an order
dismissing the action *with prejudice* as to the defendant for whose benefit the security was ordered."  *Id.*
§ 68.093(3)(c) (emphasis added).  Another Florida judge had already found Kodsy to be a vexatious litigant in an
unrelated case.  CD-18, Bank. Dkt. 12564, Ex. A.  Appellant argues that his status as a vexatious litigant should not
have been applied to his action against General Motors because his other lawsuits were filed *after* he sued General
Motors.  Reply at 6.  Whether this argument has merit was a question for the Florida courts, to which Kodsy already
unsuccessfully appealed.

**DISCUSSION**

District courts have appellate jurisdiction over bankruptcy court rulings under 28 U.S.C.

§ 158(a)(1).  "A district court reviews a bankruptcy court's findings of fact for clear error and its

conclusions of law *de novo*."  *Thakur v. S.J.P.B., Inc. (In re Thakur)*, 498 B.R. 410, 418

(S.D.N.Y. 2013) (citing *Overbaugh v. Household Bank, N.A. (In re Overbaugh)*, 559 F.3d 125,

129 (2d Cir.2009)).

The Court recognizes the difficulties *pro se* litigants face.  "Courts should go to lengths

to ensure that inexperienced *pro se* litigants do not inadvertently forfeit rights or winning

arguments; this 'special solicitude' includes a liberal construction of papers and a flexibility on

some otherwise-rigid procedural rules."  *Tartt v. City of New York*, No. 12-CV-5405(VEC), 2014

WL 3702594, at *2 (S.D.N.Y. July 16, 2014) (quoting *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d

Cir. 2010)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[a] document filed *pro se* is to

be liberally construed") (internal quotation marks omitted).  Appellee observes that Appellant's

brief fails to comply with the requirements of Bankruptcy Rule 8014, Appellee's Br. at 9 n.12,

but Appellee did not cite any case in which a *pro se* bankruptcy appeal was resolved on that

basis, and the Court need not decide this appeal on that formalistic basis.

Although the Court shows "special solicitude" to *pro se* litigants, *pro se* litigants must

still satisfy the relevant legal standards for their claims to succeed.  *Cf. Jorgensen v. Epic/Sony

Records*, 351 F.3d 46, 50 (2d Cir. 2003) (a *pro se* plaintiff must meet the requirements necessary

to defeat a motion for summary judgment).[7]

---

[7]     The Court is skeptical of Kodsy's assertion that Appellee has "discriminated against [him] . . . because [he] was pro'se [sic] with a genuine issue."  Appellant Br. at 4.  Appellant has not offered any evidence to show that his claims have been adversely decided because of discrimination.

The only issue before the Court on this appeal is whether the Bankruptcy Court properly

expunged Appellant's claim as a creditor against the GUC Trust.[8]  *See* CD at 2.  In considering

Appellant's brief, there are three arguments Appellant conceivably could be making: first, that

the Bankruptcy Court improperly modified the automatic stay to allow his personal injury claims

to proceed in the Florida state courts; second, that the Florida state courts improperly adjudicated

his claims or otherwise violated his rights; or third, that despite the decision of the Florida state

courts, the Bankruptcy Court improperly expunged Appellant's claim.  Assuming each of these

arguments is before the Court and timely, none has merit.

## I.       Modifying the Automatic Stay

Kodsy does not explicitly argue in his brief that the Bankruptcy Court erred by allowing

the personal injury case to proceed in the Florida state courts, but in April 2012 he did object to

modifying the automatic stay to allow the Florida state courts to try his personal injury claims.[9]

CD-13, Bank. Dkt. 11589.  On the other hand, Appellant's brief evinces his desire to have

pursued that case further in the state courts.  *See* Appellant Br. at 8 ("[T]he defendants'

succeeded in preventing Kodsy as Pro'se [sic], from pursuing this case further in Circuit court.").

 "A bankruptcy court has discretion in determining whether to lift the automatic stay," so

this Court reviews that decision under an abuse of discretion standard.  *Capital Commc'ns Fed.*

*Credit Union v. Boodrow (In re Boodrow)*, 126 F.3d 43, 47 (2d Cir. 1997) (citation omitted).

When a bankruptcy court does not provide a sufficient explanation for lifting an automatic stay, a

---

[8]       Appellant lost an earlier appeal from the Bankruptcy Court's decision reclassifying his proof of claim from a secured to an unsecured claim.  *Kodsy v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, No. 11-CV-4180(NRB), 2012 WL 124581 (S.D.N.Y. Jan. 17, 2012).

[9]       Kodsy alleged that one of Appellee's trial lawyers in the Florida state courts committed "malicious and fraudulent acts during his representations and altered court records such as trial transcripts."  CD-13, Bank. Dkt. 11589 ¶ 4.  Kodsy also argued that "the Federal Court has jurisdiction to admit all the evidence, where the state court would not allow it."  *Id.* ¶ 11.  Apparently as a result of his unsuccessful litigation in the Florida state courts, Kodsy believes that only a federal court could give him "a fair trial according to the evidence."  *Id.* at ¶ 24.

court on appeal will vacate and remand for further findings.  *See Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999).

In this case, the Bankruptcy Court noted that "the legal and factual bases set forth in the Motion establish just cause" for modifying the automatic stay.  CD-16, Bank. Dkt. 11743.  The GUC Trust's motion to modify the stay, CD-14, Bank. Dkt. 11604,  identified the relevant sections of the Alternative Dispute Resolution Procedures established earlier in the bankruptcy proceedings, which provide that the automatic stay will be modified "solely to the extent necessary to permit the liquidation of the amount" of an "Unresolved Designated Claim" in an "appropriate forum," *id.,* Ex. C.  The decision to modify the stay to permit the state courts to adjudicate what was clearly a state law issue was well within the discretion of the Bankruptcy Court, which could not have adjudicated the personal injury claims itself.

## II.      The Decisions of the Florida State Courts

Read as a whole, Appellant's brief clearly seeks primarily to appeal not the decision of the Bankruptcy Court expunging his claim against the GUC Trust but the earlier decision of the Florida state courts dismissing his personal injury claims.  Appellant argues that his proof of claim in the bankruptcy proceeding should not be expunged "primarily, because [he], remains injured, permanently disabled, [and] disfigured . . . [because the Hummer] was dangerous and deadly."  Appellant Br. at 4; s*ee also* Appellant Br. at 8 ("Appellant requests any relief this court would offer, where the defendants' succeeded in preventing Kodsy as Pro'se [sic], from pursuing [the personal injury] case further in Circuit court").

But Kodsy's personal injury claims against Appellee based on defects in the Hummer have been litigated and dismissed with prejudice.  Appellant pursued his claims as far as possible within the Florida state court system.  Pursuant to Florida law, the trial court dismissed his

7

claims with prejudice after that court found that he was a vexatious litigant as defined by Florida law and Appellant failed to pay a required deposit before proceeding with the litigation.  Before the trial court determined that Appellant was a vexatious litigant, he was afforded a hearing.  The dismissal of Appellant's case was affirmed on appeal, and the Florida Supreme Court lacked jurisdiction to hear a further appeal.  Neither the Bankruptcy Court nor this Court has the authority to second-guess the wisdom of the laws of Florida or to review Florida's state courts' decisions affecting Mr. Kodsy.

"Appellant is barred by *res judicata* from raising these claims again in the current proceeding, unless he can establish that the previous adjudications resulted from fraud or collusion."  *Marangos v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 12-CV-4138(RA), 2013 WL 143805, at *3 (S.D.N.Y. Jan. 10, 2013) (citing *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 66 (2d Cir. 1986)).  Appellant alleges that the decisions in the Florida state courts were obtained by "fraud and conspiracy of the defendants' [sic]." Reply at 3; *see also id.* at 9 ("Appellant's all prior appeals in the Florida District court were useless, because of the appellees' agents['] fraud upon the court and conspired actions for testimonies which could not properly be verified by transcript or audio tapes.").  In his papers, Appellant frequently uses terms such as "fraud" and "conspiracy" to refer to legitimate litigation strategies.  *See, e.g.*, *id.* at 7 (Appellees used "premeditated conspired actions" to label Appellant a "Vexatious litigant" and deny him "a fair day in court").  The most specific allegation of fraud Appellant brings is that Appellee paid the court reporters to falsify the trial transcript of *Kodsy I* to ensure that Kodsy would lose his appeal.[10]  Reply at 4, 9; *id.* Ex. 4.  Kodsy brought that

---

[10]      Appellant also alleges, without support, that "the Florida appellees' trial attorney coerced and bribed my witnesses so they did not appear at trial."  Reply at 4.

allegation in a motion before the appeals court in Florida, which relinquished jurisdiction back to the trial court.  Reply Ex. 5.  The trial court found that the official record of the trial was accurate and that no tampering had occurred.  *Id.*

　　To the extent that Appellant alleges that the Florida state courts failed to afford him due process or that the decisions in Florida were products of fraud, Appellant offers no support for such implausible allegations.  Furthermore, this bankruptcy proceeding is not the appropriate venue to challenge the integrity of the Florida state courts.

　　If Appellant were to seek to bring his personal injury claims anew in federal court, the *Rooker-Feldman* doctrine would bar him from doing so.  That doctrine is a prohibition on "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).[11]

### III.　　Expunging Appellant's Proof of Claim

　　In light of the dismissal of Kodsy's claims against the Appellee, there is no basis to vacate the expungement of Appellant's claim on the GUC Trust.  Regarding bankruptcy claims, the Supreme Court has "long recognized that . . . state law governs the substance of claims. Accordingly, when the Bankruptcy Code uses the word 'claim' . . . it is usually referring to a right to payment recognized under state law."  *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450-51 (2007) (internal quotation marks and citations omitted).  Section 502(b)(1) of the Bankruptcy Code "provide[s] that, with limited exceptions, any defense to a

---

[11]　　The appropriate course for a party aggrieved by a decision of the Florida Supreme Court is to petition the Supreme Court of the United States for a writ of certiorari.  *Hoblock*, 422 F.3d at 85.  Kodsy has already stated his intention to appeal to the Supreme Court "because they are more likely to have jurisdiction over this pro'se [sic] issue so loosely denied by the circuit courts of Florida."  CD-23, Bank. Dkt. 13106 ¶ 8.

claim that is available outside of the bankruptcy context is also available in bankruptcy." *Id.* at 450; *see also* 11 U.S.C. § 502(b)(1).  Bankruptcy courts must give "preclusive effect to state court judgments whenever the courts of the state from which the judgments emerged would do so." *Kelleran v. Andrijevic*, 825 F.2d 692, 694 (2d Cir. 1987) (quoting *Allen v. McCurry*, 449 U.S. 90, 96 (1980)).  If a debtor objecting to a proof of claim "produces evidence equal in force to the *prima facie* case," which, if believed, refutes the legal sufficiency of the claim, the claimant "must then prove by a preponderance of the evidence that under applicable law the claim should be allowed." *Marangos*, 2013 WL 143805, at *3 (quoting *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom. Peter J. Solomon Co., L.P. v. Oneida Ltd.*, No. 09-CV-2229(DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010)).

Because Kodsy's lawsuits against the debtor have been dismissed with prejudice, there is no basis for Appellant's proof of claim.  As discussed *supra*, Kodsy's conclusory allegations of fraud and impropriety in the Florida state courts are far from sufficient to warrant re-litigating the decisions of the Florida state courts.  The Bankruptcy Court correctly expunged Kodsy's claims.

## CONCLUSION

For the foregoing reasons, the order of the Bankruptcy Court is AFFIRMED.  The Clerk of Court is respectfully directed to terminate the case.  The conference previously scheduled for July 31, 2015 is cancelled.

**SO ORDERED.**

Date:  July 24, 2015
       New York, New York

**VALERIE CAPRONI**
**United States District Judge**

10