```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/21/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
In the Matter of                                             :
                                                             :
Motors Liquidation Company.                                  :
------------------------------------------------------------- X   15-CV-3307 (VEC)
SHERIF RAFIK KODSY,                                          :
                                  Appellant,                 :        ORDER
                                                             :
            -against-                                        :
                                                             :
MOTORS LIQUIDATION COMPANY GUC                               :
TRUST,                                                       :
                                  Appellee.                  :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

   Appellant Sherif Rafik Kodsy moves for reconsideration of the Court's July 24, 2015 Memorandum Opinion & Order ("July Opinion"). The Court assumes the parties' familiarity with the facts and procedural posture of the case. For the following reasons, Kodsy's motion is DENIED.

   "'When a district court is acting as an appellate court in a bankruptcy case,' Federal Rule of Bankruptcy Procedure 8022 'provides the sole mechanism for filing a motion for rehearing.'" *Fletcher v. Ball (In re Soundview Elite Ltd.)*, No. 13-CV-7666(JPO), 2015 WL 1642986, at *1 (S.D.N.Y. Apr. 13, 2015) (footnote and citation omitted); *see also Kuntz v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 13-CV-1721(GBD), 2015 WL 1781238, at *1 (S.D.N.Y. Apr. 15, 2015). "'[T]he sole purpose of rehearing is to direct the court's attention to a material matter of law or fact which it has overlooked in deciding the case, and which, had it been given consideration, would probably have brought about a different result.'" *Soundview Elite*, 2015 WL 1642986, at *1 (quoting *Bankruptcy Servs., Inc. v. Ernst & Young (In re CBI Holding Co., Inc.)*, No. 01-CV-131(KMW), 2010 WL 2287013, at *1 (S.D.N.Y. June 7, 2010)).

Kodsy's motion directs the Court to a number of facts he claims affect the analysis of his underlying claims – that is, that the car that he purchased was a lemon and was dangerous to its occupant. These facts do not, however, affect the Court's analysis. Even if Kodsy is correct that the Florida courts erred in analyzing his claims, this does not provide a basis for the Court to revisit its decision affirming the judgment of the Bankruptcy Court, because the Court's decision would have been the same regardless of any "new" information that Kodsy may have identified. *Cf. Health Global, Inc. v. Magner (In re Health Global, Inc.)*, No. 12-CV-8966(RA), 2013 WL 6722773, at *1 (S.D.N.Y. Oct. 9, 2013) (describing the purpose of a motion for reconsideration as "to direct the court's attention to some material matter of law or fact which it has overlooked in deciding the case, and which, had it been given consideration, would have brought about a different result") (quotation marks and citation omitted).

The Bankruptcy Court did not err by failing to re-evaluate the merits of claims that Kodsy litigated in the Florida state courts. *See Evans v. Ottimo*, 469 F.3d 278, 281-82 (2d Cir. 2006). Kodsy has not persuasively argued that the Court overlooked any evidence or arguments when it reached the same conclusion in July. Accordingly, Kodsy's motion for reconsideration is denied.

Appellee's request that the Court impose leave-to-file sanctions, Appellee Opp. at 4-5, is denied. Kodsy is warned that future frivolous motions and frivolous litigation of claims that have already been decided might result in sanctions. Argument on Kodsy's appeal and motion "is unnecessary because the appeal is frivolous." Fed. R. Bankr. P. 8019(b)(1). The Court reiterates its August 19, 2015 denial of leave to appeal *in forma pauperis*; any appeal of the Court's July Opinion or this order is not taken in good faith because there is no non-frivolous basis for the appeal. *See McGann v. Comm'r, Soc. Sec. Admin.*, 96 F.3d 28, 30 (2d Cir. 1996).

The Clerk of the Court is respectfully directed to terminate docket entry 19.  The Clerk is further directed to serve a copy of this Order on Appellant and to note service on the docket.

**SO ORDERED.**

**Date:  September 19, 2015**  **VALERIE CAPRONI**
**New York, NY**  **United States District Judge**